UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. MELCHOR KARL T. LIMPIN,<br><br>                              Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>                              Defendants. | Case No.:  23-cv-0399-DMS-AGS<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL; AND (2) GRANTING THE UNITED STATES' MOTION TO DISMISS** |

Presently before the Court is Plaintiff Melchor Karl T. Limpin's First Amended Complaint, (ECF No. 7), Request for Judicial Notice, (ECF No. 8), Motion for Pro Bono Counsel, (ECF No. 11), United States' Notice of Election to Decline to Intervene, (ECF No. 16), Plaintiff's Motion for Compulsory Joinder (ECF No. 17), United States' Motion to Dismiss (ECF No. 24), Plaintiff's Motion for Order to Effect Service of Process by the U.S. Marshal (ECF No. 25), and Plaintiff's Motion to Disqualify Assistant U.S. Attorney (ECF No. 27.)

## I.
## BACKGROUND

Plaintiff Relator Melchor Karl T. Limpin, proceeding *pro se*, brings this qui tam action against California Governor Gavin Newsom, California State Senate President *pro*

1

*tempore* Toni G. Atkins, Assembly Speaker Anthony Rendon, various Doe individual defendants and their respective employers for colluding to violate the False Claims Act ("FCA") by permitting "unauthorized foreigners" to obtain COVID-19 relief, file tax returns, and receive Medicaid benefits.  Plaintiff alleges these elected officials, named as Defendants in their individual capacities, conspired to cause undocumented individuals to present claims to Medi-Cal, the State of California's Medicaid program, which were false because federal Medicaid program prohibits reimbursement for medical assistance to undocumented persons.  Plaintiff bases his claims on the enactment of California Senate Bill ("SB-88") and Senate Bill 139 ("SB-139").  He claims the millions of undocumented individuals in the state of California and their respective employers have concealed their immigration status by fraudulently claiming Medicaid health care expenditures, thereby defrauding the government.

## II.

## MOTION TO APPOINT COUNSEL

Plaintiff requests the Court appoint pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1).  (ECF No. 11.)  Section 1915(e)(1) states a Plaintiff "may request an attorney to represent any person unable to afford counsel."  Appointment of counsel in civil cases, "as is the privilege of proceeding in forma pauperis, [is] a matter within the discretion of the district court.  It is a privilege and not a right."  *U.S. ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965).  "[A]ppointment of counsel should be allowed only in exceptional cases."  *Id.* at 794.  When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  These factors must be viewed together, neither is dispositive.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The factual bases for Plaintiff's complaint are familiar to this Court.  In *Limpin v. California*, No. 23-cv-37, 2023 WL 3213862 (S.D. Cal. May 2, 2023), Plaintiff filed a

23-cv-0399-DMS-AGS

lawsuit against most of the same defendants using the same factual bases as he did here. That case was dismissed with prejudice, without leave to amend. *Id.* at *5. There, Plaintiff sued forty-two defendants, including the State of California and various elected officials in their individual capacities alleging violations of the Equal Protection Clause of the Fourteenth Amendment, Racketeer Influenced and Corrupt Organizations (RICO) under 18 U.S.C. §§ 1661–64, civil rights violations under 42 U.S.C. § 1985 and conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3). *Id.* at *2. "Plaintiff's causes of action derive[d] from the implementation of California Senate Bill ("SB-88") and Senate Bill 139 ("SB-139")." *Id.*

The same is true here. Just like in *Limpin v. California*, Plaintiff bases his causes of action on SB-88 and SB-139. Unlike that case, though, here he labels his causes of action as falling under the FCA. Labels aside, these allegations all stem from the same alleged RICO conspiracy the court dismissed in *Limpin v. California*. Plaintiff is barred from bringing this action because the challenged conduct is of elected officials acting in their official capacities to enact SB-88 and SB-139, and such conduct is immune under the Eleventh Amendment. *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1121 (9th Cir. 2007).

As to the allegations against Doe individual defendants and their respective employers, this Court gave Plaintiff leave to amend once before. (*See* ECF No. 6.) Plaintiff failed to do so. In his motion for counsel, Plaintiff notes he will require the assistance of counsel and an investigator to determine the "Unknown Names" of defendants in this action. (*Id.* at 7.) "Although 'a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case,' the need for discovery does not render the legal complexity of a case extraordinary." *Zamaro v. Moonga*, 656 Fed. App'x 297, 299 (9th Cir. 2016) (quoting *Wilborn*, 789 F.2d at 1331). If the Court were to grant appointment of counsel to Plaintiff here, "*pro se* civil litigants would be entitled to counsel in all circumstances, not only exceptional ones." *Siglar v. Hopkins*, 822 Fed. App'x 610, 612 (9th Cir. 2020).

23-cv-0399-DMS-AGS

The history of this case demonstrates that Plaintiff can articulate his claims pro se, despite any legal complexities.[1]  Truly the only complexity of issues involved stem from Plaintiff's attempts to apply the FCA to facts that do not give rise to a claim.  In his filings, Plaintiff makes legal arguments, cites to requisite authority, and recognizes the deficiencies with his pleadings.  Plaintiff brought this motion for pro bono counsel because he learned, through the United States, that a pro se Plaintiff cannot prosecute a *qui tam* action if the United States declines to intervene.  (ECF No. 11 at 1.)  But a "[r]elator's inability to bring this action pro se does not by itself justify appointment of counsel in this case."  *U.S. ex. rel. Hadi v. Pinal Cnty. Comm. College Dist. Gov. Bd.*, No. CV-13-00007, 2013 WL 4834020, at *1 (D. Ariz. Sept. 10, 2013).  After careful consideration, the Court finds there are no exceptional circumstances present.  Accordingly, Plaintiff's motion for pro bono counsel is **DENIED**.

## III.
## DISMISSAL OF ACTION

The FCA permits private citizens to bring *qui tam* actions with certain limitations.  The United States is the real party in interest in such actions.  *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994).  The United States declined to intervene in this action.  (ECF No. 16 at 1.)  Because the Court has declined Mr. Limpin's request for appointment of counsel, Mr. Limpin remains a pro se litigant.  The government argues that a pro se litigant may not prosecute a *qui tam* action against the United States.  (Government's Opposition to Defendant's Motion ("Govt. Opp'n"), ECF No. 24, at 5.)  This Court agrees.  Non-attorneys may not represent the United States for "qui tam realtors are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the realtors may obtain." *Id.* (quoting *Stoner*

---

[1] This is further demonstrated by Plaintiff's litigious history.  Plaintiff is no stranger to the federal court system.  He has appeared, pro se, in a variety of civil cases in this District, the Ninth Circuit, and the United States Supreme Court.

*v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1127–28 (9th Cir. 2007)).  Plaintiff, appearing pro se, cannot prosecute this *qui tam* action against the United States.  The Court therefore **DISMISSES** this action with prejudice as to Plaintiff and without prejudice as to the United States.

## IV.
## CONCLUSION

For these reasons, the Court **HEREBY ORDERS**:

1. Plaintiff's Motion for Pro Bono Counsel (ECF No. 11) is **DENIED**.

2. United States' Motion to Dismiss (ECF No. 24) is **GRANTED.**

3. Plaintiff's Request for Judicial Notice (ECF No. 8) is **DENIED** as moot.

4. Plaintiff's Motion for Compulsory Joinder (ECF No. 17) is **DENIED** as moot.

5. Plaintiff's Motion for Order to Effect Service of Process (ECF No. 25) is **DENIED** as moot.

6. Plaintiff's Motion to Disqualify Assistant U.S. Attorney (ECF No. 27) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  October 24, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

23-cv-0399-DMS-AGS